UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JAMES WIEBER,

    Plaintiff,                    DEMAND FOR JURY TRIAL

-vs-                              Case No.
                                        Hon.

ORLANS PC,
SELECT PORTFOLIO SERVICING, INC.,

    Defendants.

## **COMPLAINT & JURY DEMAND**

*Note:*    *This lawsuit seeks injunctive relief. Specifically, the Defendant has wrongfully foreclosed or is about to wrongfully foreclosed on the mortgage which encumbers the subject property. Plaintiff seeks an order enjoining any foreclosure activity pending the outcome of this matter and declaring any sale of the subject property to be null and void. In addition, Plaintiff seeks an order enjoining any eviction pending the outcome of the above-captioned lawsuit.*

## **Introduction**

1. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

1

**Jurisdiction**

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This action is also brought under the Federal Real Estate Settlement Procedures Act ("R.E.S.P.A."), 12 U.S.C. §2605, and this court has jurisdiction pursuant to and 28 U.S.C. §§ 1331, 1337; this court, as such, may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

4. This court has federal question jurisdiction under the Fair Credit Reporting Act, 15 U.S.C. §1681 and 28 U.S.C. §§1331, 1337.

5. This court may exercise supplemental jurisdiction over the related state law claims as they arise out of the same nucleus of operative facts which give rise to the federal law claims.

**Parties**

6. The Plaintiff to this lawsuit resides in Holt, Michigan in Ingham County.

7. Orlans PC, ("Orlans PC") is a corporation residing in Oakland County, Michigan.

8.   The Defendant, SELECT PORTFOLIO SERVICING, INC., is a non-Michigan corporation doing business in Michigan, incorporated outside the state of Michigan and with its principal place of business outside the State of Michigan.

### Venue

9.   The first-named Defendant resides in Oakland County, Michigan.

10.   Venue is proper in the Eastern District of Michigan.

### General Allegations

11.   On or about May 24, 2018, Plaintiff and SELECT PORTFOLIO SERVICING, INC.'s predecessor, Angel Oak Home Loans, entered into a Mortgage ("the loan").

12.   Prior to August 1, 2018, Plaintiff was late on a payment and in default on the mortgage and note.

13.   While in default on the loan, on August 1, 2018, SELECT PORTFOLIO SERVICING, INC. took assignment of the loan.

14.   Due to hardship, Plaintiff struggled to meet his monthly living expenses in 2018 and 2019.

15.   Plaintiff attempted to obtain a loan modification from the Defendant, SELECT PORTFOLIO SERVICING, INC. on numerous occasions, being continuously

assured that he qualified for such a modification due to his situation.

16.    Each time the Plaintiff submitted all of the necessary documents to allow
       SELECT PORTFOLIO SERVICING, INC. to approve the modification,
       SELECT PORTFOLIO SERVICING, INC. found one pretext or another to
       deny Plaintiff the modification.

17.    Plaintiff was and still is the rightful, fee simple owner of the subject real
       property described herein.

18.    That the subject property is encumbered by certain mortgage/financing
       indebtedness.

19.    Upon information and belief, SELECT PORTFOLIO SERVICING, INC. has,
       without legal authority and with malicious intent, recorded a certain "sheriff's
       deed" instrument against the subject real property.

20.    Plaintiff qualifies for a loan modification according to HAMP standards.

21.    Plaintiff qualifies for a loan modification according to CARES Act standards.

22.    Plaintiff provided financial information on multiple occasions, over and over
       again.

23.    Plaintiff provided all information and documentation requested by  SELECT
       PORTFOLIO SERVICING, INC. including the application package, hardship
       letter, bank statements, paystubs, W2's, full tax returns and other documents.

24.   SELECT PORTFOLIO SERVICING, INC. received all of the information it requested in a timely manner and on more than one occasion.

25.   SELECT PORTFOLIO SERVICING, INC. assured Plaintiff during the loan modification process that it would not go forward with a sheriff sale.

26.   Prior to March 30, 2020, SELECT PORTFOLIO SERVICING, INC. hired Defendant Orlans, PC to foreclose.

27.   At no relevant time was Defendant Orlans, PC unable to make contact with the Plaintiff in order to do a property inspection.

28.    Defendant Orlans, PC charged the Plaintiff property inspection fees to Plaintiff which it was only allowed to charge in the event that it was unable to make contact with the Plaintiff.

29.   At no relevant time was SELECT PORTFOLIO SERVICING, INC. unable to make contact with the Plaintiff in order to do a property inspection.

30.   SELECT PORTFOLIO SERVICING, INC. charged the Plaintiff property inspection fees to Plaintiff which it was only allowed to charge in the event that it was unable to make contact with the Plaintiff.

31.   On March 31, 2020, SELECT PORTFOLIO SERVICING, INC. represented to a third party that "legal action" had been commenced against the subject property; this statement was false and misleading.

32.   Prior to March 31, 2020, upon information and belief, Orlans, PC represented to SELECT PORTFOLIO SERVICING, INC. that "legal action" had been commenced against the subject property; this statement was false and misleading.

33.   If SELECT PORTFOLIO SERVICING, INC. or its assignee is permitted to proceed in dispossessing the  Plaintiff of the home, Plaintiff will suffer irreparable harm.

34.   SELECT PORTFOLIO SERVICING, INC. and any assignee  must be ordered to stop and reverse the foreclosure/eviction process, properly review the history of the loan, and offer a reasonable loan modification, allowing Plaintiff to keep possession of the home.

35.   SELECT PORTFOLIO SERVICING, INC. failed to provide Plaintiff with proper notice, opportunity and  documentation as required by the Michigan Foreclosure Statute, M.C.L. §600.3205a.

36.   SELECT PORTFOLIO SERVICING, INC. was negligent in misapplying payments regarding Plaintiff's account.

37.   SELECT PORTFOLIO SERVICING, INC. Has made illegal charges to Plaintiff's account.

38.    This court must intervene and rescind the sheriff's sale and prevent SELECT PORTFOLIO SERVICING, INC.  or its assignee from dispossessing Plaintiff of the subject property unless and until the parties can be heard by this Honorable Court, and until Defendants provide the mandated opportunity for a loan modification and/or comply with the requirements of the Michigan Foreclosure statute.

39.    Plaintiff requests declaratory relief, injunctive relief and damages, as outlined below, to rescind the foreclosure, stop eviction and possession of the property by SELECT PORTFOLIO SERVICING, INC. or its assignee and compel SELECT PORTFOLIO SERVICING, INC. to provide documentation and the opportunity for a mediation and loan modification as mandated by state and federal law.

40.    On April 21, 2020, Plaintiff sent a qualified written request to SELECT PORTFOLIO SERVICING, INC. which included name, loan number and the property address; the qualified written request indicated a statement of the reason for the belief that there was an error; and requested in sufficient detail that the Defendant provide specific information so that Plaintiff could determine the exact nature of the disputed items.

41.    Defendant received a copy of the qualified written request.

7

42.    Despite its receipt of the qualified written request, Defendant, SELECT PORTFOLIO SERVICING, INC.,  refused to lawfully and properly respond to the qualified written request and continues to attempt to collect money and items not owed by the Plaintiff.

43.    Despite its receipt of the Plaintiff's qualified written request letter and its failure to properly respond to this request, Defendant, SELECT PORTFOLIO SERVICING, INC., continues its foreclosure proceedings against the subject property.

44.    SELECT PORTFOLIO SERVICING, INC.  failed to conduct the necessary investigation into the disputes tendered by Plaintiff in violation of RESPA, and, as such, SELECT PORTFOLIO SERVICING, INC. continued with its collection against Plaintiff or foreclosure of the property and subjected Plaintiff to additional illegal charges and fees.

45.    Plaintiff initiated a reinvestigation pursuant to 15 U.S.C. §1681s-2(b) by sending letters by certified mail to one or more national credit reporting agencies disputing the reporting of the disputed information during the pendency of the qualified written request.

46.    SELECT PORTFOLIO SERVICING, INC.  failed to discontinue credit reporting during the pendency of the qualified written request.

47.   A foreclosure sale is now scheduled or is about to be scheduled.

48.   Plaintiff will be irrevocably harmed if the foreclosure sale is allowed to proceed.

49.   Plaintiff has suffered damages due to the acts and omissions of the Defendants.

## COUNT I – Fair Debt Collection Practices Act (Orlans PC)

50.   Mr. Wieber incorporates the preceding allegations by reference.

51.   At all relevant times Orlans PC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

52.   Orlans PC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

53.   Orlans PC 's foregoing acts in attempting to collect this alleged debt against Mr. Wieber constitute violations of the FDCPA.

54.   Mr. Wieber has suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code (Orlans PC)

55.   Mr. Wieber incorporates the preceding allegations by reference.

56.   Orlans PC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

57.   Mr. Wieber is a debtor as that term is defined in M.C.L. § 339.901(f).

58. Orlans PC 's foregoing acts in attempting to collect this alleged debt against Mr. Wieber constitute violations of the Occupational Code.

59. Mr. Wieber has suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT III – R.E.S.P.A. 12 U.S.C. § 2601 *et seq.*

### (SELECT PORTFOLIO SERVICING, INC.)

60. Plaintiff incorporates the preceding allegations by reference.

61. R.E.S.P.A. applies to federally regulated mortgage loans, which include subordinate liens and loans used to payoff an existing loan secured by the same property;

62. The transactions described herein involve a federally regulated mortgage loan.

63. SELECT PORTFOLIO SERVICING, INC. willfully violated the R.E.S.P.A. in one or more of the following ways, by example only and without limitation:

a. By failing to make appropriate corrections in the account of the Plaintiff and failing to transmit written notification of such correction to the Plaintiff(12 U.S.C. §2605(e)(2)(A));

b. By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that SELECT

PORTFOLIO SERVICING, INC. believed the account of the Plaintiff to be correct and the name and telephone number of an individual employed by Defendant who could provide assistance to the Plaintiff(12 U.S.C. §2605(e)(2)(B));

c.    By failing to provide the Plaintiff with a written explanation or clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by SELECT PORTFOLIO SERVICING, INC. and the name and telephone number of an individual  who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)[c]; and

d.    By providing, upon information and belief, information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of SELECT PORTFOLIO SERVICING, INC.'s receipt of the qualified written request (12 U.S.C. § 2605(e)(3).

64.   As a result of these violations, the Plaintiff suffered damages of an economic and non-economic nature.

## **COUNT IV – Intentional Infliction of Emotional Distress**

## **(SELECT PORTFOLIO SERVICING, INC.)**

65. Plaintiff incorporates the preceding allegations by reference.

66. The conduct of SELECT PORTFOLIO SERVICING, INC. constituted extreme and outrageous conduct; specifically, SELECT PORTFOLIO SERVICING, INC. engaged in a pattern of behavior which insured that the Plaintiff would not qualify for a loan modification and would ultimately be dispossessed of the subject home.

67. While SELECT PORTFOLIO SERVICING, INC. was assuring Plaintiff that it was acting in good faith to assist the Plaintiff in keeping the home, SELECT PORTFOLIO SERVICING, INC.was doing everything in its power to make sure that this did not happen.

68. SELECT PORTFOLIO SERVICING, INC. acted with reckless disregard of the possible consequences to Plaintiff.

69. SELECT PORTFOLIO SERVICING, INC. knew that the probable consequences of its actions were to dispossess the Plaintiff of the subject property.

70. The conduct of SELECT PORTFOLIO SERVICING, INC. directly and proximately caused emotional distress to the Plaintiff.

71.  Plaintiff has suffered damages as a result of the conduct of SELECT PORTFOLIO SERVICING, INC.

## COUNT  V – REQUEST FOR EQUITABLE,
## DECLARATORY & INJUNCTIVE RELIEF
## (SELECT PORTFOLIO SERVICING, INC.)

72.  Plaintiff incorporates the preceding allegations by reference.

73.  It appears that a genuine, good faith dispute existed over the amount of the monthly payments due or the principal balance owing to SELECT PORTFOLIO SERVICING, INC.

74.  Upon information and belief, and given the totality of the circumstances in the pending matter, there is no equitable basis to allow SELECT PORTFOLIO SERVICING, INC. or its nominee to foreclose upon the property and throw Plaintiff out into the street.

75.  The request of the Plaintiff is that the Court grant equitable, declaratory and injunctive relief to decelerate the mortgage balance, remove Plaintiff from foreclosure, and declare Plaintiff not to have been in breach of the mortgage agreement.

76. Additionally, it is the request of the Plaintiff that this Court grant declaratory relief, in that the fees and costs charged to Plaintiff by SELECT PORTFOLIO SERVICING, INC. are unauthorized.

77. Additionally, it is the request of the Plaintiff that SELECT PORTFOLIO SERVICING, INC. produce an immediate accounting of all sums paid, as well as those allegedly due and owing based upon the facts found, as well as a corresponding correction of all credit reporting relating to the mortgage.

## **COUNT  VI – QUIET TITLE**

### **(SELECT PORTFOLIO SERVICING, INC.  –  alternate count)**

78. Plaintiff incorporates the preceding allegations by reference.

79. The actions of the SELECT PORTFOLIO SERVICING, INC. were intentionally designed to preclude the Plaintiff from getting a loan modification and keeping possession of the subject home.

80. SELECT PORTFOLIO SERVICING, INC. knew or should have known that Plaintiff was attempting to enter into a loan modification in order to avoid losing the home.

81. SELECT PORTFOLIO SERVICING, INC. had actual or imputed knowledge that Plaintiff was attempting to enter into a loan modification and keep possession of the home.

82. Notwithstanding that knowledge, SELECT PORTFOLIO SERVICING, INC. did undertake to foreclose on the subject property without allowing Plaintiff to enter into a loan modification and by making it more difficult for Plaintiff to qualify for a loan modification.

83. As a result of the conduct of the SELECT PORTFOLIO SERVICING, INC., the subject property is currently sold or about to be sold at a sheriff's sale .

## COUNT  VII – UNJUST ENRICHMENT

## (SELECT PORTFOLIO SERVICING, INC.  –  alternate count)

84. Plaintiff incorporates the preceding allegations by reference.

85. The actions of SELECT PORTFOLIO SERVICING, INC. were intentionally designed to preclude the Plaintiff from qualifying for and entering into a loan modification in order to keep possession of the home.

86. SELECT PORTFOLIO SERVICING, INC. knew or should have known that Plaintiff was attempting to enter into a loan modification in order to keep possession of the home.

87. SELECT PORTFOLIO SERVICING, INC. had actual or imputed knowledge that Plaintiff was attempting to enter into a loan modification in order to keep possession of the home.

88. Notwithstanding that knowledge the SELECT PORTFOLIO SERVICING, INC. did undertake to foreclose on the subject property without allowing Plaintiff to enter into a loan modification for the subject property.

89. If the sheriff's sale goes forward or is allowed to remain valid , SELECT PORTFOLIO SERVICING, INC. would be unjustly enriched and Plaintiff would suffer a loss, in addition to the loss of the subject property as a result of attempting in good faith to enter into a loan modification and keep possession of the subject home.

## COUNT  VIII – VIOLATION OF M.C.L § 445.901 *et seq.*

## (SELECT PORTFOLIO SERVICING, INC.)

90. Plaintiff incorporates the preceding allegations by reference.

91. The facts set forth in this complaint establish that SELECT PORTFOLIO SERVICING, INC. violated one or more of the provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1).

92. Plaintiff has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT  IX – FAIR CREDIT REPORTING ACT

## (SELECT PORTFOLIO SERVICING, INC.)

93. Mr. Wieber incorporates the preceding allegations by reference.

94. SELECT PORTFOLIO SERVICING, INC. was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

95. SELECT PORTFOLIO SERVICING, INC. was required to cease reporting the derogatory information during the pendency of the period of 60 days following receipt of the qualified written request.

96. Following the reinvestigation, SELECT PORTFOLIO SERVICING, INC. continued to report the adverse credit information, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

97. Following its reinvestigation, SELECT PORTFOLIO SERVICING, INC. reported the derogatory credit information and consciously avoided knowing that the derogatory credit information was supposed to be suppressed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

98. Following the reinvestigation and dispatch of notice directly to SELECT PORTFOLIO SERVICING, INC., SELECT PORTFOLIO SERVICING, INC. reported credit information that was not in fact lawful, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

99.   Following the reinvestigation and dispatch of direct notice to SELECT PORTFOLIO SERVICING, INC., SELECT PORTFOLIO SERVICING, INC. failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

100.   SELECT PORTFOLIO SERVICING, INC. willfully refused to properly put in place adequate procedures to reinvestigate credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

101.   In the alternative, SELECT PORTFOLIO SERVICING, INC. negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

102.   SELECT PORTFOLIO SERVICING, INC. willfully refused to properly reinvestigate the inaccuracies in credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

103.   In the alternative, SELECT PORTFOLIO SERVICING, INC. negligently failed to conduct a proper reinvestigation of a credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

104.   Plaintiff has suffered damages as a result of these violations of the FCRA.

## COUNT  X – NEGLIGENCE

## (SELECT PORTFOLIO SERVICING, INC.)

105.   Plaintiff incorporates the preceding allegations by reference.

106.   SELECT PORTFOLIO SERVICING, INC. owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

107.   SELECT PORTFOLIO SERVICING, INC.'s unlawful threat to foreclose on Plaintiff's home was per se unreasonable.

108.   Plaintiff has suffered foreseeable damages as a result of this unreasonable conduct by SELECT PORTFOLIO SERVICING, INC.

## COUNT  XI – Negligence *Per Se* –

## (SELECT PORTFOLIO SERVICING, INC.)

109.   Plaintiff incorporates the preceding allegations by reference.

110.   SELECT PORTFOLIO SERVICING, INC.'s actions in publishing false and inaccurate credit information to the credit bureaus was in violation of express duties under the FCRA.

111.   Those unreasonable actions were *per se* unreasonable.

112.   Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by SELECT PORTFOLIO SERVICING, INC.

## COUNT  XII – DEFAMATION BY LIBEL

## (SELECT PORTFOLIO SERVICING, INC.)

113.   Plaintiff incorporates the preceding allegations by reference.

114.   SELECT PORTFOLIO SERVICING, INC.'s written publication of the trade lines on Plaintiff's credit reports was false and defamatory.

115.   SELECT PORTFOLIO SERVICING, INC.'s publications were not privileged communications.

116.   SELECT PORTFOLIO SERVICING, INC.'s publications of the trade lines on Plaintiff's credit reports were made negligently, with reckless disregard to their falsity, or maliciously.

117.   The statements were *per se* defamatory.

118.   Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

119.   Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT XIII – NEGLIGENCE – MALICIOUS STATUTORY LIBEL

## (SELECT PORTFOLIO SERVICING, INC.)

120. Plaintiff incorporates the preceding allegations by reference.

121. The inaccurate credit information was published with malice or ill-will.

122. Plaintiff has suffered damages as a result of this malicious libel by SELECT PORTFOLIO SERVICING, INC. in violation of M.C.L. § 600.2911.

123. Plaintiff is entitled to actual and punitive damages having suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT XV – FAIR DEBT COLLECTION PRACTICES ACT

## (SELECT PORTFOLIO SERVICING, INC.)

124. Plaintiff incorporates the preceding allegations by reference.

125. At all relevant times SELECT PORTFOLIO SERVICING, INC. – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

126. SELECT PORTFOLIO SERVICING, INC. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

127. SELECT PORTFOLIO SERVICING, INC.'s foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA.

128.   Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT  XVI – MICHIGAN OCCUPATIONAL CODE

## (SELECT PORTFOLIO SERVICING, INC.)

129.   Plaintiff incorporates the preceding allegations by reference.

130.   SELECT PORTFOLIO SERVICING, INC. is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

131.   SELECT PORTFOLIO SERVICING, INC.'s foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the Occupational Code.

132.   Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

## Demand for Jury Trial

133.   Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY, Plaintiff requests that this Court:*

a.      *Grant Plaintiff all legal title to the subject property;*

b.      *Award Plaintiff all damages incurred by Plaintiff as a result of Defendants' actions herein;*

c.    *Award Plaintiff costs and attorney's fees;*

d.    *Award any other relief that this Court deems just and equitable;*

e.    *Award exemplary damages;*

f.    *Award costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    s/ Adam G. Taub
       ADAM G. TAUB (P48703)
       Attorneys for JAMES WIEBER
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone:  (248) 746-3790
       Email:   adamgtaub@clgplc.net


By:    /s/ Adam Alexander
       ADAM S. ALEXANDER (P53584)
       Attorney for Plaintiff
       17200 W. Ten Mile Rd., Ste. 200
       Southfield, MI 48075
       (248) 246-6353

23