# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JAMES WIEBER,

                    Plaintiff,                  Case No. 2:20-cv-12607-BAF-EAS

v.                                  Honorable Bernard A. Friedman

ORLANS PC,
SELECT PORTFOLIO SERVICING,
INC.,

                    Defendant.

| | |
|---|---|
| Adam G. Taub (P48703)<br>ADAM TAUB ASSOC.<br>CONSUMER LAW GROUP<br>*Attorneys for Plaintiff*<br>17200 W. Ten Mile Road, Suite 200<br>Southfield, Michigan 48075<br>(248) 746-3790<br>adamgtaub@clgplc.net | Laura C. Baucus (P56932)<br>David M. Dell (P61778)<br>DYKEMA GOSSETT PLLC<br>*Attorneys for Select Portfolio Servicing, Inc.*<br>39577 Woodward Ave., Suite 300<br>Bloomfield Hills, Michigan 48304<br>(248) 203-0796<br>(248) 203-0572<br>lbaucus@dykema.com<br>ddell@dykema.com |

## DEFENDANT'S MOTION TO DISMISS

Defendant Select Portfolio Serving, LLC ("SPS"), by its attorneys, Dykema Gossett PLLC, hereby moves this Court for an Order dismissing Plaintiff's Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1), because Plaintiff has no standing and pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's Complaint fails to state a plausible claim for relief.  In

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 39577 WOODWARD AVENUE, SUITE 300 • BLOOMFIELD HILLS, MICHIGAN 48304

support of its Motion, SPS relies upon the law and arguments set forth in the accompanying Brief in Support.

In accordance with E.D. Mich. L.R. 7.1(a), undersigned counsel contacted Plaintiff's counsel to (i) explain the nature of this Motion and its legal basis, and (ii) request concurrence in the relief sought; however, such concurrence was not received.

SPS requests that the Court grant this Motion, enter an Order: (i) dismissing Plaintiff's Complaint with prejudice, (ii) awarding SPS its costs and fees, including attorney fees, incurred in having to defend this action, and (iii) granting any other appropriate relief in SPS's favor.

Respectfully submitted,

DYKEMA GOSSETT PLLC

Dated: December 18, 2020

By: _/s/ David M. Dell_____
Laura Baucus (P56932)
David M. Dell (P61778)
*Attorneys for SPS*
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304
248-203-0700

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JAMES WIEBER,

        Plaintiff,

Case No. 2:20-cv-12607-BAF-EAS

v.

Honorable Bernard A. Friedman

ORLANS PC,
SELECT PORTFOLIO SERVICING,
INC.,

        Defendant.

| | |
|---|---|
| Adam G. Taub (P48703)<br>ADAM TAUB ASSOC.<br>CONSUMER LAW GROUP<br>*Attorneys for Plaintiff*<br>17200 W. Ten Mile Road, Suite 200<br>Southfield, Michigan 48075<br>(248) 746-3790<br>adamgtaub@clgplc.net | Laura C. Baucus (P56932)<br>David M. Dell (P61778)<br>DYKEMA GOSSETT PLLC<br>*Attorneys for Select Portfolio Servicing, Inc.*<br>39577 Woodward Ave., Suite 300<br>Bloomfield Hills, Michigan 48304<br>(248) 203-0796<br>(248) 203-0572<br>lbaucus@dykema.com<br>ddell@dykema.com |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 39577 WOODWARD AVENUE, SUITE 300 • BLOOMFIELD HILLS, MICHIGAN 48304

# **TABLE OF CONTENTS**

STATEMENT OF QUESTIONS PRESENTED.................................................. ix

STATEMENT OF CONTROLLING AUTHORITY.............................................x

I.     INTRODUCTION ...............................................................................1

II.    FACTUAL BACKGROUND..............................................................2

     A.    The Loan Transaction...............................................................2

     B.    Plaintiff Files This Lawsuit .....................................................3

III.   STANDARD OF REVIEW .................................................................4

IV.    ARGUMENT........................................................................................5

     A.    Count IV (Intentional Infliction of Emotional Distress), Count V (Request for Equitable, Declaratory & Injunctive Relief), Count VI (Quiet Title)  and Count VII (Unjust Enrichment) Against SPS Are Barred by the Statute of Frauds.......................................5

     B.    Plaintiff Does Not Have Standing To Bring a RESPA Claim (Count III)...............................................................................8

     C.    Plaintiff's Claim Under RESPA fails (Count III). ...............................9

     D.    Plaintiff Fails To State A Claim Intentional Infliction of Emotional Distress, Negligence or Negligence Per Se (Counts IV, X, and XI)..................................................................................12

     E.    Plaintiff's Claims For Intentional Infliction Of Emotional Distress Fail As A Matter of Law (Count IV). ..................................................13

     F.    Count V for Equitable, Declaratory and Injunctive Relief is not an Independent Cause of Action. ...........................................................14

     G.    Plaintiff Fails To State Claim to Quiet Title (Count VI). ...................15

     H.    The Claim for Unjust Enrichment Fails (Count VII)........................16

     I.    The Violation of the Michigan Consumer Protection Act Claim Fails Because The Statute Does Not Apply to SPS (Count VIII).......17

     J.    Plaintiff's FCRA Claim Is Insufficiently Pled (Count IX). ...............19

V.     CONCLUSION..................................................................................24

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

<u>Page No.</u>

# **<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

C<small>ASES</small>

*Arbaugh v. Y&H Corp.*,
    546 U.S. 500 (2006)..............................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009)........................................5, 21, 23

*Barber v. SMH (US), Inc.*,
    202 Mich. App. 366; 509 N.W.2d 791 (1993) ...................................17

*Barclae v. Zarb*,
    300 Mich. App. 455; 834 N.W.2d 100 (2013) .....................................7

*Battah v. ResMAE Mortg. Corp.*,
    746 F. Supp. 2d 869 (E.D. Mich. Oct. 28, 2010)...............................11

*Baumgartner v Wells Fargo Bank, NA*,
    No. 11-CV-14065, 2012 US Dist LEXIS 83254 (ED Mich June 15, 2012)......24

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007)..................................................5

*Belle Isle Grill Corp v. City of Detroit*,
    256 Mich. App. 463; 666 N.W.2d 271 (2003) ...................................17

*Berry v. Bank of Am., N.A.*,
    2009 U.S. Dist. LEXIS 117584, 2009 WL 4950463.........................19

*Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co. Road Comm'n.*,
    236 Mich. App. 546; 600 N.W.2d 698 (1999) ..................................15

*Boggio v. USAA Fed. Sav. Bank*,
    696 F.3d 611 (6th Cir. 2012) (quoting § 1681s-2(b)(1)(A)) ..............20

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*,
   508 F.3d 327 (6th Cir. 2007) ...............................................................3

*Crown Tech. Park v. D & N Bank, FSB*,
   242 Mich. App. 538; 619 N.W.2d 66 (2000) .....................................7

*Davis v. United States*,
   499 F.3d 590 (6th Cir. 2007) .............................................................14

*Drew v. Kemp-Brooks*,
   802 F. Supp. 2d 889 (E.D. Mich. 2011) ..........................................10

*Duncan v. City Bank (South Dakota), N.A.*,
   No. CIV 06-246 JB/KBM, 2006 WL 4063023, at *5, *6 (D.N.M. June
   30, 2006) ...........................................................................................23

*Etts v. Deutsche Bank Nat'l Trust Co.*,
   126 F. Supp. 3d 889 (E.D. Mich. 2015) ............................................7

*Fredericks v. Allquest Home Mortg. Corp.*,
   No. 15-10429, 2015 U.S. Dist. LEXIS 56447 (E.D. Mich. April 30, 2015)......11

*Garden City Osteopathic Hosp. v. HBE Corp.*,
   55 F.3d 1126 (6th Cir. 1995) .............................................................12

*Goryoka v. Quicken Loan, Inc.*,
   519 F. App'x 926 (6th Cir. 2013).......................................................15

*Greenberg v. Life Ins. Co. of Va.*,
   177 F.3d 507 (6th Cir. 1999) ...............................................................3

*Hanning v. Homecomings Fin. Networks, Inc.*,
   436 F. Supp. 2d 865 (W.D. Mich. 2006) ..........................................18

*Houle v. Green Tree Servicing, LLC*,
   No. 14-cv-14654, 2015 U.S. Dist. LEXIS 53414 (E.D. Mich. April 23,
   2015) ..................................................................................................11

*Hubbard v. Select Portfolio Servicing, Inc.*,
   2017 U.S. Dist. LEXIS 140872, 2017 WL 9470640.....................6, 18

*In re Rospatch Sec. Litigation*,
   760 F. Supp. 1239 (W.D. Mich. 1991) ..............................................14

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

*Int'l Ass'n of Mach. and Aerospace Workers v. Tenn. Valley Auth.*,
　108 F.3d 658 (6th Cir. 1997) ................................................................14

*Isagholian v Transamerica Ins Corp*,
　208 Mich App 9; 527 NW2d 13 (1994)..................................................13

*Jackson v. City of Columbus*,
　194 F.3d 737 (6th Cir. 1999) ..................................................................3

*Johnson v JPMorgan Chase Bank*,
　536 F Supp2d 1207 (ED Cal, 2008) .....................................................22

*Kewin v Mass Mut Life Ins Co*,
　409 Mich 401; 295 NW2d 50 (1980) ..............................................13, 14

*Khalil v Transunion, LLC*,
　No. 08-10303, 2009 US Dist LEXIS 25073 (ED Mich Mar 25, 2009)
　(unpublished) ........................................................................................21

*LaMothe v Auto Club Ins Assoc*,
　214 Mich App 577; 543 NW2d 42 (1995) .............................................13

*Langley v. Chase Home Finance LLC*,
　No. 1:10–cv–604, 2011 WL 1150772 (W.D. Mich. Mar. 11, 2011).................23

*Lyshe*,
　854 F.3d at 857 .......................................................................................4

*Martin v. East Lansing Sch. Dist.*,
　193 Mich. App. 166; 483 N.W.2d 656 (1992) ......................................17

*McKay v. Palmer*,
　170 Mich. App. 288; 427 N.W.2d 620 (1988) ......................................16

*Mills v. Equicredit Corp.*,
　294 F. Supp. 2d 903 (E.D. Mich. 2003) ...........................................6, 18

*Morris Pumps v. Centerline Piping, Inc.*,
　273 Mich. App. 187; 729 N.W.2d 898 (Mich. App. 2006)................16

*Munson v Countrywide Home Loans, Inc*,
　No 08-13244, 2008 US Dist LEXIS 105568 (ED Mich 2008)
　(unpublished) ........................................................................................21

*Newton v. Bank West*,
   262 Mich. App. 434, 686 N.W.2d 491 (2004)....................................................18

*Petronykoriak v. Equifax Info. Servs. LLC*,
   2019 U.S. Dist. LEXIS 153909, 2019 WL 4278171 .........................................20

*QQC, Inc. v. Hewlett-Packard Co.*,
   258 F. Supp. 2d 718 (E.D. Mich. 2003) ...............................................................3

*Richards v. Tibaldi*,
   272 Mich. App. 522; 726 N.W.2d 770 (2006) ...................................................16

*Scott v. Bank of Am., N.A.*,
   682 Fed. Appx. 417 (6th Cir. 2017).....................................................................7

*Servantes v. Caliber Home Loans, Inc.*,
   No. 14-cv-13324, 2014 U.S. Dist. LEXIS 170667 (E.D. Mich. Dec. 10,
   2014 ) ..................................................................................................................11

*Sherman v. Sea Ray Boats, Inc.*,
   251 Mich. App. 41 (2002) ("Michigan case law expressly provides that
   an action in tort may not be maintained where a contractual agreement
   exists, unless a duty, separate and distinct from the contractual
   obligation, is established.")..................................................................................12

*Soehnlen v. Fleet Owners Ins. Fund*,
   844 F.3d 576 (6th Cir. 2016) ...............................................................................8

*Spokeo v. Robins*,
   136 S. Ct. 1540 (2016)......................................................................................8, 9

*Szczodrowski v. Specialized Loan Servicing, LLC*,
   No. 15-10668, 2015 U.S. Dist. LEXIS 57327 (E.D. Mich. May 1, 2015)
   (unpublished cases collected ) .............................................................................11

*Taylor v Blue Cross/Blue Shield of Mich*,
   205 Mich App 644; 517 NW2d 864 (1994) .......................................................13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308, 127 S.Ct. 2499 (2007)...................................................................3

*Terlecki v. Stewart*,
   278 Mich. App. 644; 754 N.W.2d 899 (2008) ...................................................14

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

*United States v. Cotton*,
535 U.S. 625 (2002) ........................................................................... 4

*Voydanoff v. Select Portfolio Servicing*,
2011 Mich. App. LEXIS 2356 (Mich. App. Dec. 22, 2011) ............... 19

*Weiner v. Klais & Co., Inc.*,
108 F.3d 86 (6th Cir. 1997) .......................................................... 3, 10

*Whittiker v. Deutsche Bank National Trust Company*,
605 F. Supp. 2d 914 (N.D. Ohio 2009) ............................................ 23

*Yuille v. AHMSI, et al.*,
483 Fed. Appx. 132 (6th Cir. 2012) .................................................. 16

**RULES**

Fed. R. Civ. P. 8(a) ........................................................................... 20

Fed. R. Civ. P. 12(b)(6) ............................................................. 2, 3, 5

Federal Rule of Civil Procedure 12(b)(1) ........................................... 4

**STATUTES**

15 U.S.C.A. §§ 1692a(3), 1692(d) ................................................... 22

15 U.S.C.A. § 1692a(5) .................................................................... 22

15 U.S.C.A. § 1692a(6) .................................................................... 22

15 U.S.C.A. § 1692c ......................................................................... 22

15 U.S.C.A. § 1692e(11) ................................................................. 22

15 U.S.C.A § 1692k .......................................................................... 23

12 U.S.C. 2605 ................................................................................... 8

12 U.S.C. § 2605(i)(3) ...................................................................... 10

12 U.S.C. § 2605(e)(1)(A) a .............................................................. 9

15 U.S.C. § 1681s-2(b) .................................................................... 20

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN  48304

15 U.S.C. § 1681s-2(c) .................................................................20

FCRA, 15 USC § 1681 et seq. ........................................................21

section 1681s-2 of the FCRA.....................................................21, 22

section 1681t(b)(1)(F) of the FCRA ................................................21

FDCPA, 15 U.S.C.A § 1692a–1692o; 15 U.S.C.A § 1692a ..................................23

M.C.L. 445.904(1)(a) ................................................................18

M.C.L. 445.1652(1) ..................................................................18

M.C.L. § 566.132 ..................................................................6, 7

MCL § 339.901(b) ....................................................................24

Michigan Consumer Protection Act...................................................2, 17

Michigan Consumer Protection Act, MCL 445.901 *et seq.* ...................................17

Michigan Mortgage Brokers, Licensees, Servicer's Licensing Act, MCL
    445.1651............................................................................18

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

## STATEMENT OF QUESTIONS PRESENTED

Whether the Court should dismiss Plaintiff's Complaint for the following reasons:

(1)   Count IV (Intentional Infliction of Emotional Distress), Count V (Request for Equitable, Declaratory & Injunctive Relief), Count VI (Quiet Title)  and Count VII (Unjust Enrichment) are barred by the statute of frauds;

(2)   Plaintiff does not have standing to bring a RESPA claim;

(3)   Plaintiff's RESPA claim fails for failure to plead facts of actual damages;

(4)   Plaintiff's claims for intentional infliction of emotional distress, negligence or negligence per se fail as a matter of law;

(5)   The Count for equitable, declaratory and injunctive relief does not allege a cause of action;

(6)   Plaintiff does not state claim for quiet title;

(7)   Plaintiff's claim for unjust enrichment fails;

(8)   The Michigan Consumer Protection Act does not apply to SPS;

(9)   Plaintiff has not plead a claim under FCRA;

(10)   Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 to plead a claim showing a violation of FCRA;

(11)   Plaintiff's state law claims for libel are preempted by federal law;

(12)   Plaintiff fails to state any facts to a violation of the FDCPA;

(13)   Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 to plead a claim showing a violation of the FDCPA; and

(14)   The Michigan Occupational Code does not apply to SPS.

SPS answers "Yes"

The Court should answer "Yes"

Plaintiff answers "No"

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN  48304

## <u>STATEMENT OF CONTROLLING AUTHORITY</u>

In support of this Motion, Defendant relies upon Federal Rule of Civil Procedure 8, Federal Rule of Civil Procedure 12(b)(1), Federal Rule of Civil Procedure 12(b)(6), and the additional authorities and arguments in the accompanying Brief in Support.

## I.   <u>INTRODUCTION</u>

This is a Complaint attempting to prevent a foreclosure of Plaintiff's mortgaged real property.  Plaintiff alleges that Select Portfolio Servicing, Inc. (there servicer of Plaintiff's mortgage loan) failed to properly evaluate his loan modification request.  The Complaint contains the following counts:  Violation of the Real Estate Settlement Procedures Act; Intentional Infliction of Emotional Distress; Request for Equitable, Declaratory & Injunctive Relief; Quiet Title; Unjust Enrichment; Violation of the Michigan Consumer Protection Act; Violation of Fair Credit Reporting Act; Negligence; Negligence per se; Defamation by Libel; Malicious Statutory Libel; Violation of the Fair Debt Collection Practices Act; and Violation of the Michigan Occupational Code.  Plaintiff failed to state a plausible claim for relief because:

(1)     Count IV (Intentional Infliction of Emotional Distress), Count V (Request for Equitable, Declaratory & Injunctive Relief), Count VI (Quiet Title)  and Count VII (Unjust Enrichment) are barred by the statute of frauds;

(2)     Plaintiff does not have standing to bring a RESPA claim;

(3)     Plaintiff's RESPA claim fails for failure to plead facts of actual damages;

(4)     Plaintiff's claims for intentional infliction of emotional distress, negligence or negligence per se fail as a matter of law;

(5)     The Count for equitable, declaratory and injunctive relief does not allege a cause of action;

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN  48304

(6)     Plaintiff does not state a claim for quiet title;

(7)     Plaintiff's claim for unjust enrichment fails as a matter of law;

(8)     The Michigan Consumer Protection Act does not apply to SPS;

(9)     Plaintiff has not plead a plausible claim under FCRA and the Complaint fails to meet the requirements of Rule 8 to plead a claim under FCRA;

(10)    Plaintiff's state law claims for libel are preempted by federal law;

(11)    Plaintiff fails to state any facts alleging a violation of the FDCPA and the Complaint fails to meet the requirements of Rule 8 to plead a claim under the FDCPA; and

(12)    The Michigan Occupational Code does not apply to SPS.

For the reasons that follow, this Court should grant SPS's Motion to Dismiss pursuant to Fed. Civ. P. 12(b)(6).

## II.    <u>FACTUAL BACKGROUND</u>

### A.    <u>The Loan Transaction</u>

On or about May 24, 2018, James Wieber ("Plaintiff") obtained a $89,000 loan from Angel Oak Mortgage Solutions (the "Loan"). Dkt. 1, Compl. at ¶11 and **Ex. A**, Mortgage.  As security for the Loan, Plaintiff granted Mortgage Electronic Registration Systems, Inc ("MERS") a mortgage (the "Mortgage") encumbering real property located at 4773 Eastlund Circle, Holt, Michigan (the "Property").

**Ex. A**, Mortgage.[1]   The Mortgage was recorded on June 7, 2018, Instrument No. 2018-020724, Ingham County Records.

On June 2, 2020, the Mortgage was assigned to U.S. Bank National Association as Trustee for Angel Oak Mortgage Trust I, LLC, 2018-3, Mortgage-Backed Certificates, Series 2018-3 (the "Trust") via Assignment of Mortgage.  **Ex. B**, Assignment.   The Assignment was recorded in Instrument No 2020-018283, Ingham County records.  *Id.*  SPS is the servicer of the Mortgage and Loan.

### B.   Plaintiff Files This Lawsuit

On  September 23, 2020, Plaintiff filed this lawsuit against SPS and Orlans, PC.  *See* Dkt. 1, Compl.

Plaintiff admits in his pleadings that he is in default of the Loan.  Compl. at ¶12-14.   He alleges that he "attempted to obtain a loan modification from the

---

[1] In ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider the complaint as well as (i) documents referenced in the pleadings and central to plaintiff's claims, (ii) matters of which a court may properly take notice, (iii) public documents, and (iv) letter decisions of government agencies may be appended to a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *see also Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).  Specifically in cases such as this, "if the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings.  *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)).  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document."  *Weiner, supra.*  The Court also is entitled to consider matters of public record without converting the motion to one for summary judgment.  *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).  Therefore, the Court can consider the Mortgage and Assignment without converting this motion to a motion under Rule 56.

Defendant, SPS on numerous occasions, being continuously assured that he qualified for such a modification." *Id*. at ¶15.   He alleges he submitted the necessary documentation, but that SPS "found one pretext or another to deny Plaintiff the modification." *Id*. at ¶16.   He also alleges that SPS referred the Mortgage to foreclosure, charged Property inspection fees and represented to "a third party that 'legal action' had been commenced against the subject property." *Id*. at ¶26-31.   He further alleges that he sent a qualified written request to SPS and that SPS failed to properly respond. *Id*. at ¶¶40-43.

SPS moves for dismissal for the reason Plaintiff has failed to state a claim and other arguments below.

## III.   STANDARD OF REVIEW

"Whether a party has standing is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Lyshe*, 854 F.3d at 857.   Because a motion to dismiss for lack of standing is an attack on subject-matter jurisdiction, such a motion can be raised at any time. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be waived or forfeited." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. Rule 12(b)(6) requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

It is well established that a complaint must be dismissed for failure to comply with  Fed. R. Civ. P. 8 if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief [that] is plausible on its face." *Iqbal*, *supra* at 1949. The plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or a "sheer possibility that a defendant has acted unlawfully." *Id*.

## IV.   <u>ARGUMENT</u>

### A.   **Count IV (Intentional Infliction of Emotional Distress), Count V (Request for Equitable, Declaratory & Injunctive Relief), Count VI (Quiet Title)  and Count VII (Unjust Enrichment) Against SPS Are Barred by the Statute of Frauds.**

Count IV (Intentional Infliction of Emotional Distress), Count V (Request for Equitable, Declaratory & Injunctive Relief), Count VI (Quiet Title)  and Count

VII (Unjust Enrichment) against SPS are premised on Plaintiff's theory that he was entitled to a loan modification after falling into default on his Mortgage. For example, Plaintiff alleges that SPS assured him he qualified for a loan modification; that he does in fact qualify for a loan modification; and that SPS found a pretext to deny the loan modification. Compl. at ¶15-21. Plaintiff provides no factual support for these allegations. More importantly, the Complaint fails to attach, reference, or allege the existence of, any writing signed by SPS, reflecting an any agreement by SPS to modify the Loan. As such, these claims alleged against SPS are barred by Michigan's financial statute of frauds,[2] which provides:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension

---

[2] A "'financial institution' means a state or national chartered bank, a state or federal chartered savings bank or savings and loan association . . . or an affiliate or subsidiary thereof [and] a person licensed or registered under the mortgage brokers, lenders, and servicers licensing act . . ." M.C.L. § 566.132(4). SPS is licensed under the mortgage brokers, lenders, and servicers licensing act, which is publicly available information of which this Court can take notice. *See, Hubbard v. Select Portfolio Servicing, Inc.*, 2017 U.S. Dist. LEXIS 140872, 2017 WL 9470640; *Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 910 (E.D. Mich. 2003) (taking judicial notice of a lender's status as a regulated entity). See Ex. F, SPS Licensing Information.

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN  48304

of credit, or other financial accommodation.

M.C.L. § 566.132.  In *Crown Tech. Park v. D & N Bank*, *FSB*, 242 Mich. App. 538; 619 N.W.2d 66 (2000), the Michigan Court of Appeals held that the language of M.C.L. § 566.132(2) "is unambiguous" and is "an unqualified and broad ban." *Id.* at 550. Thus, M.C.L. § 566.132(2) precludes any claim, "no matter its label," to enforce a financial institution's alleged promise that is not supported by a written document signed by an authorized representative of the institution. *Id.* at 549. *See also Scott v. Bank of Am., N.A.*, 682 Fed. Appx. 417, 419 (6th Cir. 2017) (the statute "should be read 'as an unqualified and broad ban,' precluding any claim, 'no matter its label,' against a financial institution to enforce the terms of an oral promise to modify or waive a loan provision.") "A promise to consider a borrower for a loan modification is the functional equivalent of a promise 'to permit' a 'financial accommodation' - *i.e.,* considering the modification request is the financial accommodation." *Etts v. Deutsche Bank Nat'l Trust Co.*, 126 F. Supp. 3d 889, 899 (E.D. Mich. 2015); *Barclae v. Zarb*, 300 Mich. App. 455, 468-70; 834 N.W.2d 100 (2013). Count IV (Intentional Infliction of Emotional Distress), Count V (Request for Equitable, Declaratory & Injunctive Relief), Count VI (Quiet Title) and Count VII (Unjust Enrichment) against SPS relate to attempts to seek a modification of Loan terms - a financial accommodation.  Because Plaintiff has not produced (or even alleged the existence of) any writings to satisfy the statute of

7

frauds, Count IV (Intentional Infliction of Emotional Distress), Count V (Request for Equitable, Declaratory & Injunctive Relief), Count VI (Quiet Title)  and Count VII (Unjust Enrichment) fail and should be dismissed with prejudice.

### B.    Plaintiff Does Not Have Standing To Bring a RESPA Claim (Count III).

In Count III, Plaintiff alleges SPS is liable to him under 12 U.S.C. 2605 of the Real Estate Settlement Procedures Act ("RESPA") for failing to respond to a qualified written request.  Compl. at ¶63.  As an initial matter, Plaintiff's RESPA claim should be dismissed because Plaintiff lacks Article III standing to bring his claim.  The United States Supreme Court provided significant guidance on the requirements imposed on plaintiffs to have Article III standing.  Specifically, in *Spokeo v. Robins*, 136 S. Ct. 1540 (2016), the Court reiterated the burden that a plaintiff must meet to establish the first requirement of Article III standing: that the plaintiff suffer an "injury in fact" that is both "concrete and particularized."  The Court held that a "'concrete' injury must be 'de facto'; that is, it must actually exist.  When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'"  *Id.* at 1548 (internal citations omitted).   These injuries are generally "tangible"; however, an "intangible" injury may still be "concrete" in certain circumstances. *See Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016) ("A 'concrete' intangible injury based on a statutory violation must constitute a 'risk of real harm'

8

to the plaintiff.") (quoting *Spokeo*, 136 S. Ct. at 1548).  Here, Plaintiff's Complaint fails to allege facts showing any injury at all—much less an injury that rises to the level of "concrete"—stemming from the alleged RESPA violation.   Plaintiff alleges generally he suffered damages of a non-ecomonic and economic nature (Compl. ¶64); however, the allegation is not particularized because there are no facts supporting these alleged damages.  Count III should be dismissed.

### C.    Plaintiff's Claim Under RESPA fails (Count III).

Even if Plaintiff has standing to assert a RESPA claim, Count III (which he does not), his RESPA claim still should still be dismissed.  In the Complaint, Plaintiff alleges that he sent a qualified written request ("QWR") to SPS on or about April 21, 2020.  Compl. at ¶40.  He alleges that the QWR "indicated a statement of the reason for the belief that there was an error; and requested in sufficient detail that the Defendant provide specific information so that Plaintiff could determine the exact nature of the disputed items."  *Id*.  Plaintiff does not attach a copy of the alleged QWR; nor does he explain the alleged error in his account.  He alleges that due to the failure to respond and/or correct errors to his Loan, he suffered damages of an economic and non-economic nature.  Compl. at ¶64.

Under 12 U.S.C. § 2605(e)(1)(A) a borrower may submit a Qualified Written Request ("QWR") to its loan servicer for "information relating to the

servicing of such loan." Servicing is defined as (i) "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts" and (ii) "making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). Letters that do not address receipt of scheduled periodic payments or making payments with funds from the borrower do not relate to servicing under § 2605(e) and thus do not constitute a QWR. *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 897-98 (E.D. Mich. 2011).

As stated above, Plaintiff fails to attach the alleged QWR nor does he set forth any facts to show his alleged correspondence dated April 21, 2020 was a QWR. He offers a vague conclusion without providing any factual detail to support the allegation that the correspondence was, in fact, a QWR as defined by RESPA. Specifically, he does not allege anything related to the receipt of scheduled periodic payments, related to making payments, or explain the alleged errors to his account.

In any event, SPS did timely respond to the correspondence from Plaintiff. See, **Ex. C**, April 2020 Correspondence and **Ex. D**, Response.[3]

---

[3] The Court may consider the Response in a 12(b)(6) motion because the document is central to Plaintiff's claim. "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner, supra.*

10

Further, even if the Complaint did set forth sufficient facts, Plaintiff's RESPA claims fails because Plaintiff has failed to plead facts showing actual damages. To maintain a claim under RESPA, damages must be specifically pled and must be proximately caused by the supposed RESPA violation. *See Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 876 (E.D. Mich. Oct. 28, 2010) ("To successfully plead a RESPA claim, Plaintiff must allege actual damages . . . . The complete absence of alleged damages warrants a dismissal of Plaintiff's RESPA claim."); *Szczodrowski v. Specialized Loan Servicing, LLC*, No. 15-10668, 2015 U.S. Dist. LEXIS 57327, at *15-16 (E.D. Mich. May 1, 2015) (dismissing RESPA claim where only actual damages pled in compliant was a threadbare allegation regarding emotional damages) (unpublished cases collected at **Ex. E**); *Houle v. Green Tree Servicing, LLC*, No. 14-cv-14654, 2015 U.S. Dist. LEXIS 53414, at *9 (E.D. Mich. April 23, 2015) ("In order to seek monetary damages for a RESPA violation, plaintiff is required to make damage allegations, which are absent in this plaintiff's complaint."); *Fredericks v. Allquest Home Mortg. Corp.*, No. 15-10429, 2015 U.S. Dist. LEXIS 56447, at *8 (E.D. Mich. April 30, 2015) ("The claim also fails to the extent that Plaintiff seeks money damages because Plaintiff has not alleged how a purported violation resulted in actual damages."); *Servantes v. Caliber Home Loans, Inc.*, No. 14-cv-13324, 2014 U.S. Dist. LEXIS 170667, at *2-3 (E.D. Mich. Dec. 10, 2014 ) ("To the extent Plaintiffs may wish to proceed

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

with a RESPA claim for monetary damages only, the Court dismisses the claim because Plaintiffs have not alleged that Defendant's alleged violations … resulted in actual damages.").

Here, Plaintiff fails to allege any facts showing actual damages.  He also fails to allege any facts showing that the alleged RESPA violation was the proximate cause of any damages to him.  Consequently, he has failed to plead a plausible claim for relief under RESPA and Count III should be dismissed.

**D.    Plaintiff Fails To State A Claim Intentional Infliction of Emotional Distress, Negligence or Negligence Per Se (Counts IV, X, and XI)**

Plaintiff's claims for Intentional Infliction of Emotional Distress, Negligence and Negligence Per Se are torts claim precluded by the rule that prevents pursuing a tort remedy when the parties' relationship is governed by a contract.  *See, e.g., Sherman v. Sea Ray Boats, Inc.,* 251 Mich. App. 41, 50 (2002) ("Michigan case law expressly provides that an action in tort may not be maintained where a contractual agreement exists, unless a duty, separate and distinct from the contractual obligation, is established."); *Garden City Osteopathic Hosp. v. HBE Corp.,* 55 F.3d 1126, 1134 (6th Cir. 1995) ("'Michigan law is well settled that an action in tort requires a breach of duty separate and distinct from a breach of contract.").  Because there are no duties owed to the Plaintiff outside of the Note or

Mortgage, the tort claims cannot be sustained against SPS.  The tort claims fail as a

matter of law.  Counts IV, X, and XI should be dismissed.

### E.    Plaintiff's Claims For Intentional Infliction Of Emotional Distress Fail As A Matter of Law (Count IV).

Under black-letter Michigan law, claims for emotional distress (Counts IV)

are not cognizable where, as here, the relationship at issue is contractual.  *Kewin v*

*Mass Mut Life Ins Co*, 409 Mich 401, 414-19; 295 NW2d 50 (1980) ("damages for

mental distress cannot be recovered in an action for breach of contract.  In fact,

'[d]amages for mental distress are not recoverable in a breach of contract action

absent allegation and proof of tortious conduct existing independently of the

breach of contract.'").  *Isagholian v Transamerica Ins Corp*, 208 Mich App 9, 17;

527 NW2d 13 (1994) (held damages for mental distress are not recoverable

because "plaintiff has pleaded no more than defendant's bad faith failure to pay its

contractual obligation…[which] is insufficient to establish an independent tort

action."); *LaMothe v Auto Club Ins Assoc*, 214 Mich App 577, 582; 543 NW2d 42

(1995) (held "[d]amages for emotional distress and anxiety…are not recoverable in

a breach of contract action absent allegations and proof of tortious conduct existing

independently of the breach of contract."); *Taylor v Blue Cross/Blue Shield of*

*Mich*, 205 Mich App 644, 657; 517 NW2d 864 (1994) (held no damages for

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN  48304

mental distress because "there is no claim that defendant acted in a tortious manner independent of its breach of contract.").

None of Plaintiff's claims are independent from the claim that SPS breached obligations under the Mortgage and Note. Simply put, there is no claim that creates a duty independent of those contracts. Therefore, under the binding precedent in *Kewin*, there is no legal basis for Plaintiff to pursue a claim for intentional infliction of emotional distress. Consequently, Count IV should be dismissed with prejudice.

### F.   Count V for Equitable, Declaratory and Injunctive Relief is not an Independent Cause of Action.

The Sixth Circuit has held that declaratory relief is not an independent cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). It is merely a procedural device used to vindicate substantive rights, so it hinges on the substantive claims. *Int'l Ass'n of Mach. and Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) (finding claim for declaratory relief time-barred because substantive claims were time-barred). A request for a declaratory judgment should not be considered unless and until the plaintiffs established their right to relief under one of the substantive claims. *In re Rospatch Sec. Litigation*, 760 F. Supp. 1239 (W.D. Mich. 1991). Likewise, injunctive relief is not an independent cause of action, but rather a form of relief. *Terlecki v. Stewart*, 278

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

Mich. App. 644, 663; 754 N.W.2d 899 (2008).   Plaintiff is requesting an order to decelerate the mortgage, remove from foreclosure and declare Plaintiff not in breach of the mortgage.  Because Plaintiff's Complaint establishes that he was in default of the Mortgage, he is not entitled to any equitable relief.  Compl. ¶at 12-14.  Nonetheless, Count V fails to state a cause of action and should be dismissed.

### G.      Plaintiff Fails To State Claim to Quiet Title (Count VI).

In Count VI, Plaintiff seeks an order quieting title to the Property.  This count should be dismissed because quiet title is also a remedy and not separate cause of action.  *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013).  Moreover, Plaintiff is not entitled to the relief he seeks. In an action to quiet title to land, "plaintiff has the burden of proof and must make out a prima facie case of title. Once the plaintiff makes out a prima facie case, the defendant[] then ha[s] the burden of proving superior right or title in themselves." *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co. Road Comm'n.*, 236 Mich. App. 546, 550; 600 N.W.2d 698 (1999).

Plaintiff's quiet title is completely without merit. Plaintiff admits he defaulted under the terms of the Note and Mortgage.  Compl. at ¶12-14.  He does not allege that he paid off the debt.  If title was quieted in Plaintiff's name, Plaintiff would achieve a windfall. He would keep the benefit of the Loan, and the Property he put up as collateral via the Mortgage, without having repaid his debt.  Having

failed to abide by his contractual promises, Plaintiff should not be allowed to use equity to achieve an inequitable result.  *See Richards v. Tibaldi*, 272 Mich. App. 522, 539; 726 N.W.2d 770 (2006) (the doctrine of unclean hands "closes the doors of equity to one tainted with inequitableness or bad faith relative to the matter in which he or she seeks relief, regardless of the improper behavior of the defendant"); *McKay v. Palmer*, 170 Mich. App. 288, 293; 427 N.W.2d 620 (1988) (barring plaintiff's quiet title suit on the doctrine of unclean hands). Indeed, the Sixth Circuit has held that a mortgagor who receives the proceeds of a loan and fails to pay it back cannot seek "judicial assistance in avoiding his contractual obligations." *Yuille v. AHMSI, et al.*, 483 Fed. Appx. 132 (6th Cir. 2012) (applying the doctrine of unclean hands to bar a defaulted mortgagor's quiet title claim). Accordingly, Plaintiff cannot meet his burden to state a prima facie case of title, and therefore, Count VI should be dismissed.

### H.     The Claim for Unjust Enrichment Fails (Count VII).

In Count VII (Unjust Enrichment), Plaintiff alleges that if the sheriff's sale goes forward or is allowed to remain valid, SPS would be unjustly enriched. Compl. ¶89. "[I]n order to sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich.

16

App. 187; 729 N.W.2d 898, 904 (Mich. App. 2006). And, under Michigan law, a plaintiff may recover for unjust enrichment where he can establish that (i) the defendant received a benefit from the plaintiff and (ii) an inequity would result if the defendant were permitted to retain the benefit without compensating the plaintiff. *See Belle Isle Grill Corp v. City of Detroit*, 256 Mich. App. 463, 478; 666 N.W.2d 271 (2003) (citing *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375; 509 N.W.2d 791 (1993)). If both elements are established, "the law will imply a contract in order to prevent unjust enrichment." *Id.* (citing *Martin v. East Lansing Sch. Dist.*, 193 Mich. App. 166, 177; 483 N.W.2d 656 (1992)). But "a contract will be implied only if there is no express contract covering the same subject matter." *Id.*

The unjust enrichment claim fails because such claims cannot be maintained where an express contract relating to the disputed subject matter exists between the parties. Plaintiff's unjust enrichment claim must be dismissed because there are express contracts (the Mortgage and Note) governing the rights and obligations respecting the Loan, Mortgage and the Property.

## I.     The Violation of the Michigan Consumer Protection Act Claim Fails Because The Statute Does Not Apply to SPS (Count VIII).

In Count XIII, Plaintiff's claim that SPS violated the Michigan Consumer Protection Act ("MCPA"), MCL 445.901 *et seq.* (Count VIII), should be dismissed

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

because SPS is exempt from the MCPA.  The MCPA specifically exempts "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States."  M.C.L. 445.904(1)(a); *see also Newton v. Bank West*, 262 Mich. App. 434, 442, 686 N.W.2d 491 (2004).  SPS's servicing business is exempt from the MCPA as a matter of law because SPS is a licensed mortgage servicer and lender under the Michigan Mortgage Brokers, Licensees, Servicer's Licensing Act, MCL 445.1651 ("MBLSLA"), and its conduct in these capacities is regulated by the Department of Insurance and Financial Services ("DIFS").  *See* **Ex. F**, License Info; *See, Hubbard v. Select Portfolio Servicing, Inc.*, 2017 U.S. Dist. LEXIS 140872, 2017 WL 9470640.  The MBLSLA provides that "[a] person shall not act as a mortgage broker, mortgage lender, or mortgage servicer without first obtaining a license or registering under this act."  M.C.L. 445.1652(1).  Courts have consistently applied the MCPA exemption to the mortgage business of regulated lending institutions.  *See Newton*, 262 Mich. App. at 442 ("we conclude that the residential mortgage loan transactions fit squarely within the exemption."); *Mills v. Equicredit Corp*, 294 F. Supp. 2d 903, 910 (E.D. Mich. 2003) (holding that mortgage-related transactions of entity licensed under MBLSLA were exempt from the MCPA); *Hanning v. Homecomings Fin. Networks, Inc.*, 436 F. Supp. 2d 865,

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN 48304

869 (W.D. Mich. 2006); *Berry v. Bank of Am., N.A.*, 2009 U.S. Dist. LEXIS 117584, 2009 WL 4950463.

In *Voydanoff v. Select Portfolio Servicing*, 2011 Mich. App. LEXIS 2356, *30 (Mich. App. Dec. 22, 2011), the Michigan court of appeals held that SPS "qualified as exempt under the MCPA" because it is a mortgage servicer under the MBLSLA and the plaintiff could not pursue a MCPA claim against SPS. *Id*. Consequently, dismissal of Count VIII is appropriate.

**J.    Plaintiff's FCRA Claim Is Insufficiently Pled (Count IX).**

In the Complaint, Plaintiff alleges that SPS violated the Fair Credit Reporting Act ("FCRA"). The Complaint contains no factual detail to support this claim. Plaintiff alleges that SPS failed to conduct the "necessary investigation into the disputes tendered by Plaintiff in violation of RESPA." Compl. at ¶44. He alleges he "sent letter by certified mail to one or more national credit reporting agencies disputing the reporting of the disputed information." *Id*. at ¶45. And, SPS "failed to discontinue credit reporting during the pendency of the qualified written request." *Id*. at ¶45. He claims that SPS is liable under FCRA by failing to conduct a proper investigation upon notice of dispute and following receipt of qualified written request. Compl. ¶94.

Under the FCRA, consumers have no private right of action against furnishers for mistakes in the initial reporting of information—only governmental

19

entities can pursue such claims.  *See* 15 U.S.C. § 1681s-2(c).  A furnisher can only be liable to a consumer if it fails to conduct a reasonable investigation **after** a consumer complains to a credit reporting agency ("CRA"), and **after** the CRA notifies the furnisher of the complaint.  *See id.* and 15 U.S.C. § 1681s-2(b). FCRA requires a furnisher, such as SPS, to "conduct an investigation with respect to the disputed information" provided to it by a consumer reporting agency ("CRA").  *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012). (quoting § 1681s-2(b)(1)(A)).  However, until a furnisher receives notice from the CRA, there is "no responsibility to investigate a credit dispute." *Id.*  The Eastern District has held that "a non-conclusory claim of inaccurate or incomplete credit information is a 'threshold showing' for a violation of the FCRA." *Petronykoriak v. Equifax Info. Servs. LLC*, 2019 U.S. Dist. LEXIS 153909, *4-5, 2019 WL 4278171.  In *Petronykoriak*, plaintiff failed to allege that a CRA alerted the furnisher of the disputed information on plaintiff's credit report. The Court dismissed the complaint for that reason and also because it failed to set forth non-conclusory allegations with respect to the information that was supposedly false on plaintiff's credit report. *Id*.

Here, Plaintiff's Complaint does not contain any "non-conclusory allegations" and fails to allege that a CRA sent notice of a dispute to SPS.  Count IX also fails to meet the pleading requirements in Fed. R. Civ. P. 8(a) because it

contains the same flaws as did the complaint in *Ashcroft*, *supra*. - it simply contains extremely "vague defendant-unlawfully-harmed-me accusations." Plaintiff simply recites sections of FCRA without providing any factual detail. These vague allegations are insufficient to allege a claim under FCRA and Count IX should be dismissed.

### K.    The Claims for Defamation by Libel and Malicious Statutory Libel Fail (**Counts XII and XIII**).

In Counts XII and XIII, Plaintiff alleges that SPS's "written publication of the trade lines on Plaintiff's credit reports was false and defamatory." Compl. ¶114.  Plaintiff also alleges that the "inaccurate credit information was published with malice or ill-will" and invokes MCL 600.2911. Compl. ¶121-123.  However, FCRA, 15 USC § 1681 et seq., preempts common-law claims for defamation of credit. *See Khalil v Transunion, LLC*, No. 08-10303, 2009 US Dist LEXIS 25073, at * 3 (ED Mich Mar 25, 2009) (unpublished).  Specifically, section 1681t(b)(1)(F) of the FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  15 USC § 1681t(b)(1)(F).  Courts have consistently held that section 1681t(b)(1)(F) preempts state law claims based on furnishing allegedly false or inaccurate information to a consumer reporting agency.  *See, e.g., Munson v Countrywide Home Loans, Inc*, No 08-13244, 2008

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY• 39577 WOODWARD AVENUE, SUITE 300• BLOOMFIELD HILLS, MICHIGAN  48304

US Dist LEXIS 105568 (ED Mich 2008) (preempting breach of contract claim founded solely on the defendant's alleged actions in furnishing information on the plaintiffs' payment history) (unpublished); *Johnson v JPMorgan Chase Bank*, 536 F Supp2d 1207, 1214-15 (ED Cal, 2008) (holding that FCRA preempts state law claims for defamation, fraudulent misrepresentation, negligent misrepresentation, Unfair Competition Law, and intentional infliction of emotional distress where the claims are based on allegations that the defendant furnished false or inaccurate information to a credit reporting agency). Plaintiff's claims regarding credit reporting relate to SPS's duties as a furnisher, which are regulated under section 1681s-2 of the FCRA. Accordingly, the claims against SPS on defamation and libel claims (Count XII and XIII) are preempted and must be dismissed.

### L.     Plaintiff's Claim Under the Fair Debt Collection Practices Act is Insufficiently Plead (Count XV).

Plaintiff purports to assert a claim under the FDCPA in Count XV of the Complaint. Plaintiff must, but does not, adequately allege facts supporting the following "four elements: [(1)] The plaintiff is a natural person who is harmed by violations of the FDCPA, or is a 'consumer' within the meaning of 15 U.S.C.A. §§ 1692a(3), 1692(d) for purposes of a cause of action, 15 U.S.C.A. § 1692c or 15 U.S.C.A. § 1692e(11); [(2)] The 'debt' arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C.A. § 1692a(5); [(3)] The defendant collecting the debt is a 'debt collector' within the meaning of 15

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 39577 WOODWARD AVENUE, SUITE 300 • BLOOMFIELD HILLS, MICHIGAN  48304

U.S.C.A. § 1692a(6); and [(4)] The defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C.A § 1692a–1692o; 15 U.S.C.A § 1692a; 15 U.S.C.A § 1692k." *Langley v. Chase Home Finance LLC*, No. 1:10–cv–604, 2011 WL 1150772, at *5 (W.D. Mich. Mar. 11, 2011), citing *Whittiker v. Deutsche Bank National Trust Company,* 605 F. Supp. 2d 914, 938–39 (N.D. Ohio 2009) ("The absence of any one of the four essential elements is fatal to a FDCPA lawsuit."); *Duncan v. City Bank (South Dakota), N.A.*, No. CIV 06-246 JB/KBM, 2006 WL 4063023, at *5, *6 (D.N.M. June 30, 2006).  Plaintiff fails to state an FDCPA claim because he does explain what provision that SPS violated.  The allegations in the Complaint are also conclusory and provide no facts to support a claim under the FDCPA.  Count XV does not "contain sufficient factual matter, accepted as true, to state a claim to relief [that] is plausible on its face." *Iqbal*, *supra* at 1949. Consequently, Count XV does not meet the pleading requirements of Rule 8 and should be dismissed.

## M.   Plaintiff's Claim Under the Michigan Occupational Code Fails (Count XVI).

In Count XVI, Plaintiff alleges that SPS is in violation of the Michigan Occupational Code ("MOC").  However, SPS is not subject to the MOC because it is not a "collection agency" or a "licensee" as defined by the statute.  The MOC does not apply to "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency

. . . ." MCL § 339.901(b).  SPS services loans among other business functions.  It has simply acted in the course of its business as a loan servicer, not as a collection agency.  Accordingly, other Courts have recognized that the mortgage servicers such as SPS are not subject to the MOC because they are not operating exclusively as collection agencies.  *See, e.g., Baumgartner v Wells Fargo Bank, NA*, No. 11-CV-14065, 2012 US Dist LEXIS 83254, *7  (ED Mich June 15, 2012).

## V.     <u>CONCLUSION</u>

SPS requests that this Court grant its Motion, and enter an Order (i) dismissing all of Plaintiff's claims with prejudice; (ii) awarding SPS its costs and fees, including attorney's fees, incurred in having to defend this action; and (iii) granting any other relief this Court deems appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By:  */s/ David M. Dell*
Laura Baucus (P56932)
David M. Dell (P61778)
*Attorneys for SPS*
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304
248-203-0700

Dated: December 18, 2020

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 18, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the Court's electronic filing system which will forward a copy via e-mail to all counsel of record.

By: _/s/ Larry A. Reeve_

900500.005849  4813-6998-8564.4