**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

JAMES WIEBER,

|  |  |
|---|---|
| Plaintiff, | CASE NO. 2:20-cv-12607 |
|  | Hon. Bernard A. Friedman |

v.

ORLANS PC and
SELECT PORTFOLIO SERVICING, INC.,

Defendants.

---

Adam Taub (P48703)
ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP PLC
17200 West 10 Mile Road, Suite 200
Southfield, MI 48075
Phone: 248-746-3790
E-Mail: adamgtaub@clgplc.net
*Attorney for Plaintiff*

Zachary V. Moen (P72029)
ZVMLaw PLLC
455 East Eisenhower Parkway, Suite 300
Ann Arbor, MI 48108
Phone: 734-794-3070
E-Mail: zak@zvmlaw.com
*Attorney for Defendant Orlans PC*

Laura C. Baucus (P56932)
David M. Dell (P61778)
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, Michigan 48304
Phone: (248) 203-0796
          (248) 203-0572
E-Mail: lbaucus@dykema.com
          ddell@dykema.com
*Attorneys for Defendant Select Portfolio
Servicing Inc.*

---

**DEFENDANT ORLANS PC'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

Defendant Orlans PC, by its attorney, moves under Rule 12(b)(6) of the Federal Rules of

Civil Procedure to dismiss Counts I and II of Plaintiff's Complaint for failure to state a claim on

which relief can be granted.

There was an e-mail exchange between attorneys in which movant's counsel explained the nature and legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Defendant Orlans PC asks this Court to issue an order: (i) dismissing Counts I and II of Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6); (ii) awarding Orlans its costs and fees incurred in having to defend this action; and (iii) any other relief as the Court deems proper.

Dated: December 18, 2020        Respectfully submitted,

By: /s/ Zachary v. Moen
     Zachary V. Moen (P72029)
     Attorney for Defendant Orlans PC
     ZVMLaw PLLC
     455 East Eisenhower Parkway, Suite 300
     Ann Arbor, Michigan 48108
     Phone: (734) 794-3070
     zak@zvmlaw.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JAMES WIEBER,

      Plaintiff,

v.

ORLANS PC and
SELECT PORTFOLIO SERVICING, INC.,

      Defendants.

CASE NO. 2:20-cv-12607
Hon. Bernard A. Friedman

---

Adam Taub (P48703)
ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP PLC
17200 West 10 Mile Road, Suite 200
Southfield, MI 48075
Phone: 248-746-3790
E-Mail: adamgtaub@clgplc.net
*Attorney for Plaintiff*

Zachary V. Moen (P72029)
ZVMLaw PLLC
455 East Eisenhower Parkway, Suite 300
Ann Arbor, MI 48108
Phone: 734-794-3070
E-Mail: zak@zvmlaw.com
*Attorney for Defendant Orlans PC*

Laura C. Baucus (P56932)
David M. Dell (P61778)
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, Michigan 48304
Phone: (248) 203-0796
      (248) 203-0572
E-Mail: lbaucus@dykema.com
      ddell@dykema.com
*Attorneys for Defendant Select Portfolio
Servicing Inc.*

---

## BRIEF IN SUPPORT OF DEFENDANT ORLANS PC'S MOTION TO DISMISS UNDER RULE 12(b)(6)

NOW COMES Defendant Orlans PC, by and through its attorney, and for its Brief in

Support of its Motion to Dismiss Under Rule 12(b)(6) states as follows:

## STATEMENT OF ISSUES PRESENTED

1. Should the Court dismiss Count I of Plaintiff's Complaint because Defendant Orlans PC is not a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 USC §1692a(6)?

   Orlans Answers: Yes.

   The Court Should Answer: Yes

   Plaintiff Answers: No.

2. Should the Court dismiss Count II of Plaintiff's Complaint because Defendant Orlans PC is not a "collection agency" as that term is defined in the Michigan Occupational Code, MCL §339.901(b)?

   Orlans Answers: Yes.

   The Court Should Answer: Yes

   Plaintiff Answers: No.

3. Should the Court dismiss Counts I and II of Plaintiff's Complaint because Plaintiff fails to properly plead claims showing a violation of the FDCPA and/or the Michigan Occupational Code by Orlans?

   Orlans Answers: Yes.

   The Court Should Answer: Yes

   Plaintiff Answers: No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Issue 1**

15 USC §1692a(6)

*Bates v. Green Farms Condominium Association*, 958 F.3d 470 (6th Cir. 2020)

*Garland v. Orlans PC*, No. 18-11561, 2020 U.S. Dist. LEXIS 88862 (E.D. Mich. May 19, 2020)

*Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019)

**Issue 2**

MCL §339.901

*Scott v. Trott Law, P.C.*, No 16-13734, 2017 U.S. Dist. LEXIS 96102 (E.D. Mich. June 22, 2017)

*Walker v. Shermeta, Adams, & Von Allmen, P.C.*, No. 133-14932, 2014 U.S. Dist. LEXIS 185589 (E.D. Mich. April 25, 2014)

**Issue 3**

Federal Rule of Civil Procedure 8(a)(2)

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

## INTRODUCTION

Plaintiff purports to bring claims against Orlans PC under the FDCPA and the Michigan Occupational Code relating Orlans's legal representation of Defendant SPS in connection with the non-judicial foreclosure of Plaintiff's home.  Plaintiff has not and cannot state a claim against Orlans under the FDCPA or the Michigan Occupational Code because, under the controlling authority and for the reasons stated in this brief, those statutes do not apply to Orlans as a law firm that is conducting a non-judicial foreclosure.  Moreover, even if the FDCPA and/or Michigan Occupational Code did apply to Orlans, Plaintiff has not pled any facts to support its claims for violations of those statutes by Orlans.  Accordingly, Plaintiff's claims against Orlans in Counts I and II of the Complaint fail to state a claim upon which relief can be granted and should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Defendant Orlans PC ("Orlans") is a law firm based in Troy, Michigan that conducts non-judicial foreclosures in the State of Michigan on behalf of mortgage lenders and servicers.  (*See* Compl. ¶¶ 11, 26.)  Defendant Select Portfolio Servicing Inc. ("SPS") is a mortgage servicing company that is the servicer of a mortgage on property owned by the Plaintiff. (*Id.* ¶ 13.)   After Plaintiff defaulted on payment of his mortgage, SPS hired Orlans to conduct a nonjudicial

foreclosure on the property secured by the mortgage.  (*Id.* ¶¶ 13, 26.)  Plaintiff then filed this

action, alleging violations of the FDCPA and the Michigan Occupational Code by Orlans.  (*Id.*

¶¶ 50-59.)  Plaintiff's Complaint contains four paragraphs of purported factual allegations

against Orlans to support its claims.  (*Id.*  ¶¶ 26-28, 32.)  No factual basis for Plaintiff's claims

against Orlans, to the extent that any arguable basis exists, exists in the four paragraphs of

allegations provided.

## <u>ARGUMENT</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for a motion to dismiss

for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type

of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F.

Supp. 1458, 1463 (E.D. Mich. 1986).  When reviewing a motion to dismiss under Rule 12(b)(6),

a court must "construe the complaint in the light most favorable to the plaintiff, accept its

allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v.

Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  A court, however, need not accept as true legal

conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d

443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not

suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of

his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do. Factual allegations must be enough to raise a

right to relief above the speculative level... ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (citations omitted); see *LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007).  To

survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim

plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## I.   PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST ORLANS UNDER THE FDCPA.

Plaintiff has not and cannot state an FDCPA claim against Orlans under three recent, dispositive cases, the Supreme Court's decision in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), the Sixth Circuit's broad application of *Obduskey* in *Bates v. Green Farms Condominium Association*, 958 F.3d 470, 476 (6th Cir. 2020), and this District's holding in *Garland v. Orlans PC*, No. 18-11561 (E.D. Mich. May 19, 2020), which have held that law firms like Orlans that conduct non-judicial foreclosures fall outside the definition of debt collection in 15 U.S.C. 1692a(6) and are thus not subject to the general regulations of the FDCPA.

The FDCPA regulates "debt collectors."  In *Obduskey*, the Supreme Court expressly held that seeking to enforce a security interest by way of non-judicial foreclosure does ***not*** make a law firm a debt collector subject to general regulation by the FDCPA.  *Obduskey*, 139 S. Ct. 1029.  At issue in that case was the interplay between two clauses of the FDCPA's definition of "debt collector."  Under the FDCPA, a "debt collector" is "any person…in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts."  15 U.S.C. § 1692a(6).  But that definition goes on to specify that *"**for the purpose of section 1692f(6)**"* the term "debt collector" "also includes any person…in any business the principal purposes of which is the enforcement of security interests.  *Id.* (emphasis added).

The *Obduskey* Court determined that a person principally engaged in the business of enforcing security interests is not subject to the full panoply of the FDCPA's regulations for "debt

collectors," and, instead, is only subject to the narrower regulations found in section 1692f(6), which do not apply here.  As the Court held:

> In our view, the last sentence [of the FDCPA's definition of a "debt collector"] does (with its §1692f(6) exception) place those whose "principal purpose . . . is the enforcement of security interests" outside the scope of the primary "debt collector" definition, §1692a(6), where the business is engaged in no more than the kind of security-interest enforcement at issue here—nonjudicial foreclosure proceedings.  139 S. Ct. at 1033.

Like in this case, the *Obduskey* plaintiff challenged a law firm's compliance with the FDCPA in connection with the firm's non-judicial foreclosure of that plaintiff's property after he defaulted on his mortgage loan payments.  *Id.* at 1034-35.  The Court held that FDCPA's text, policy, and legislative history "convince us that, but for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act."  *Id.* at 1038.  In holding that the FDCPA does not apply to a law firm engaged in a non-judicial foreclosure, the Supreme Court resolved a circuit split, and, among other decisions, overturned *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013).  *Id.* at 1035.

In *Bates,* the Sixth Circuit Court of Appeals applied *Obduskey* broadly and repeatedly confirmed that law firms that represent a mortgage lender with non-judicial foreclosures are not subject to the FDCPA's general regulations and are only subject to § 1692f(6) (which is not at issue here).  The Court reiterated "a complaint does not adequately plead that a lawyer is a 'debt collector' under the Act's general definition if it alleges only that a lawyer helped a lender undertake a nonjudical foreclosure."  *Id.* at 482.

This district has also recently applied the *Obduskey* decision to hold that a plaintiff could not state a FDCPA claim against Orlans because Orlans's non-judicial foreclosure practice in Michigan falls outside the definition of debt collection in 15 U.S.C. 1692a(6).  *Garland v. Orlans*

6

*PC*, No. 18-11561, 2020 U.S. Dist. LEXIS 88862 (E.D. Mich. May 19, 2020) (currently pending appeal in the Sixth Circuit Court of Appeals).

Here, Plaintiff's allegations against Orlans, although sparse, arise in connection with Orlans representation of SPS in connection with a non-judicial foreclosure of Plaintiff's home. (Compl. ¶¶ 26-28, 32).   Despite this, Plaintiff alleges that "Orlans PC is a 'debt collector' under the Fair Debt Collections Practices Act . . .  15 USC §1692a(6)."  (*Id.* ¶ 52).  As discussed above, pursuant to *Obduskey* and *Bates*, Orlans is not, as a matter of law, a debt collector under 15 USC §1692a(6).  Accordingly, Plaintiff has failed to state a claim against Orlans for violation of the FDCPA, and Court I of Plaintiff's Complaint should be dismissed with prejudice.

## II.  PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST ORLANS UNDER THE MICHIGAN OCCUPATIONAL CODE.

Plaintiff has not and cannot state a claim against Orlans under the Michigan Occupational Code because Orlans is not a "collection agency" under MCL §339.901.

MCL 339.901 states as follows in defining a "collection agency":

> Collection agency does not include a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency such as, but not limited to the following: . . . . An attorney who is handling a claim or collection on behalf of a client and in the attorney's own name.

MCL §339.901(b).  Courts interpreting the language of MCL §339.901 have held that law firms are expressly excluded from the definition of "collection agency" under the Michigan Occupational Code.  *See e.g., Walker v. Shermeta, Adams, & Von Allmen, P.C.*, No. 133-14932, 2014 U.S. Dist. LEXIS 185589, at *15-16 (E.D. Mich. April 25, 2014), *aff'd and remanded sub nom*, 634 F. Appx. 764 (6th Cir. 2015) (finding that the Michigan Occupational Code expressly excludes law firms from the definition of "collection agency').  *See also Scott v. Trott Law, P.C.*, No 16-13734, 2017 U.S. Dist. LEXIS 96102, at *16 (E.D. Mich. June 22, 2017), *reversed on*

*other grounds*, 760 Fed. Appx. 387 (6th Cir. 2019) (holding that Trott Law PC, a Michigan foreclosure law firm, was expressly excluded from the definition of "collection agency" under the Michigan Occupational Code).

Plaintiff alleges that "Orlans PC is a 'collection agency' as that term is defined in the Michigan Occupational Code, M.C.L §339.901(b)."  (Compl. ¶ 56.)  However, pursuant to the plain terms of MCL §339.901 and the court decisions cited above, Orlans is not a collection agency as a matter of law, as it is a law firm that is expressly exempted from the scope of the Michigan Occupational Code.  Accordingly, Plaintiff has failed to state a claim under the Michigan Occupational Code and Count II of Plaintiff's Complaint should be dismissed with prejudice.

### III.   PLAINTIFF HAS FAILED TO STATE SUFFICIENT FACTS TO STATE A CLAIM AGAINST ORLANS UNDER EITHER THE FDCPA OR THE MICHIGAN OCCUPATIONAL CODE.

Even if Plaintiff's claims were not barred as a matter of law (which, as discussed above, they are), Plaintiff has failed to plead sufficient facts or a sufficient basis for its claims under the FDCPA and the Michigan Occupational Code. Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a pleading that states a claim for relief must contain "a short and plan statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. Rule 12(b)(6) requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atl. Corp.*, 127 S. Ct. at 1965. A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."

*Ashcroft v. Iqbal*, 129 S. Ct. at 1949. It is well established that a complaint must be dismissed for failure to comply with Fed. R. Civ. P. 8 if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief [that] is plausible on its face." *Id.* at 1949.

Plaintiff's Complaint contains only four paragraphs of allegations against Orlans.  (*Id.*  ¶¶ 26-28, 32.)  The allegations in those paragraphs, even if accepted as true (which Orlans disputes), are not sufficient to state a claim under either the FDCPA or the Michigan Occupational Code and fail to show that the Plaintiff is entitled to relief.  Accordingly, Plaintiff's claims in Count I and Count II of the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).

## CONCLUSION

Plaintiff has not and cannot as a matter of law state a claim against Orlans under the FDCPA or the Michigan Occupational Code.  Accordingly, Defendant Orlans PC asks this Court to issue an order: (i) dismissing Counts I and II of Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6); (ii) awarding Orlans its costs and fees incurred in having to defend this action; and (iii) any other relief as the Court deems proper.

Dated: December 18, 2020                    Respectfully submitted,


                                            By: /s/ Zachary v. Moen
                                                Zachary V. Moen (P72029)
                                                Attorney for Defendant Orlans PC
                                                ZVMLaw PLLC
                                                455 East Eisenhower Parkway, Suite 300
                                                Ann Arbor, Michigan 48108
                                                Phone: (734) 794-3070
                                                zak@zvmlaw.com

## CERTIFICATE OF SERVICE

I certify that on December 18, 2020, I electronically filed the preceding paper with the Clerk of the Court using the ECF system, which will send notification of the filing to all ECF participants, and I certify that I have mailed the preceding paper by United States Postal Service to the following non-ECF participants: None.

By: /s/ Zachary v. Moen
Zachary V. Moen (P72029)
Attorney for Defendant Orlans PC
ZVMLaw PLLC
455 East Eisenhower Parkway, Suite 300
Ann Arbor, Michigan 48108
Phone: (734) 794-3070
zak@zvmlaw.com